UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

THOMAS DEROSA,                                  :

                Plaintiff,        :   **REPORT AND**
                                            **RECOMMENDATION**
   - against -              :   **TO THE HONORABLE**
                                            **LAURA TAYLOR SWAIN**

ABC INCORPORATED, et al.,                       :

                                       07 Civ. 8489 (LTS)(FM)

                Defendants.       :

------------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

I.    Background

        In this action, plaintiff Thomas DeRosa ("DeRosa") alleges that he was defamed by defendant ABC Incorporated. DeRosa filed his complaint on October 1, 2007. (Docket No. 1). Accordingly, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the defendant had to be served within 120 days, i.e., by January 30, 2008.[1]

        By memorandum endorsement dated January 2, 2008, I reminded DeRosa that he must cause the summons and complaint to be served by January 30, 2008. (See Docket No. 4). The following day, I extended DeRosa's time to effect service to February 29, 2008, and advised him that I would recommend dismissal if service was not

---

[1] Although the caption of the complaint contains the words "et al.," the complaint does not refer to any other defendants. Additionally, by memorandum decision dated January 2, 2008, I denied DeRosa's request to "consolidate" a state court action involving other defendants. (Docket No. 4). ABC Incorporated therefore is the only defendant in this case.

timely effected. (Docket No. 3). Thereafter, I granted another extension on February 26, 2008, which extended the date for service to March 28, 2008. At that time, I also cautioned DeRosa that no further extensions would be granted and encouraged him to consult the Pro Se Manual or contact the Pro Se Office if he had any questions regarding service. (Docket No. 5).

Despite the two extensions, DeRosa's only attempt to serve the defendant was by effecting service himself. By letter dated February 29, 2008, the Pro Se Office advised DeRosa that this method of service was ineffective because he was a party to the litigation.

To date, no affidavit reflecting proper service has been filed. However, on July 18, 2008, DeRosa left a voicemail message with the Clerk of the Court seeking yet another extension of time to effect service. In his voicemail, DeRosa explained that he is institutionalized at a psychiatric clinic in Massachusetts and therefore has not had an adequate opportunity to serve the defendant.

While it is understandable that a person in DeRosa's situation would face difficulty pursuing his case, there is no indication that DeRosa ever was hospitalized during the generous window of time that he was afforded to effect service. Accordingly, because he has failed to timely serve ABC Incorporated despite two extensions, I do not believe that a further extension of time is warranted. I therefore have entered an order

denying DeRosa's request for a further extension, and I recommend that this action be dismissed without prejudice.

II.   Conclusion

For the foregoing reasons, this action should be dismissed without prejudice.

III.   Notice of Procedure for Filing of Objections to this Report and Recommendation

The plaintiff shall have ten (10) days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d).  Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Laura Taylor Swain and to my chambers at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for an extension of time for filing objections must be directed to Judge Swain.  The failure to

file timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

Dated:   New York, New York
         July 25, 2008

                                                   _____
                                                   FRANK MAAS
                                                   United States Magistrate Judge

Copies to:

Thomas DeRosa
Caritas Holy Family Hospital
70 East Street
Methuen, MA 01844

40 Lawrence Street, #428
Lawrence, MA 01840